Opinion of the Court—Ailshie, C. J., on Petition for Rehearing.

(May 11, 1908.)

ON PETITION FOR REHEARING.

[95 Pac. 692.]

9. Under the facts shown in this case, there has been such a dedication of water to the streets, alleys and lots of the village of Hailey, within the purview and meaning of sec. 4, art. 15 of the constitution and the statutes of this state, that the water cannot hereafter be withheld from such streets, alleys and lots to which it has been applied, so long as the consumer pays the reasonable rental therefor, as the same may be established by authority of law, and to that extent the public and individual use of such water cannot be disputed or interrupted.

10. The doctrine of *estoppel in pais* cannot be applied in favor of the public against the property owner, unless it can be shown that he has stood by, and by his action or silence concurred in allowing the public and individuals to so use and enjoy his property and the right thus initiated, that thereafter to deprive them of it would work an injustice or fraud upon them and invade the right founded on the presumption he has thus allowed to be raised.

11. A finding to the effect that unless a certain use be held to amount to a dedication, private rights and public accommodation would be materially affected, and that an interruption or cessation thereof would materially affect both public and private interests, is a conclusion of law rather than a finding of fact, and it is the duty of the trial court to find the facts upon which such conclusion must necessarily rest.

(Syllabus by the court.)

AILSHIE, C. J.—In this case the respondent has filed a petition for rehearing, in which it is contended that we have misapprehended the law as applicable to the question of dedication to a public use, where a denial of or interference with its continued use would impair or interrupt the public convenience and private rights. Various questions have been presented by counsel in their petition for rehearing, but we do not deem it necessary to consider or discuss any of the propositions relied on except the one touching the question of the public convenience and accommodation and private rights as the same might be affected or interrupted by a refusal to

recognize the principle of dedication as contended for by counsel.

In the first place, and before passing to a consideration of the main proposition here presented, it is well enough to observe that there can be no question in this case but that there has been a dedication of the water to the streets and alleys of the village of Hailey and to all of the lands to which the water has been applied within the purview and meaning of sec. 4 of art. 15 of the constitution and the statutes of this state, as well as under the repeated decisions of this court. That dedication is such that the water cannot hereafter be withheld from the streets and alleys and lots to which it has been applied within the village of Hailey, so long as the consumer pays the reasonable rental therefor, as the same may be established under and by authority of law. In that sense, there is an unquestioned dedication, and to that extent, the use and convenience of the public, as well as of the individual property owners, cannot be disputed or interrupted. On the other hand, we are still convinced that the findings of the court are not sufficient on which to base a decree to the effect that there has been such a dedication of these waters as to entitle the municipality and property owners to a free perpetual use of the same. That will be one of the questions to be determined on a retrial. In determining that question, both the use and nature and extent thereof and the intention of the owner of the ditch and water right must be taken into account, as well as any representations made by the owner or owners of the townsite who were at the same time the owners of the ditch and water right.

We pass now to a consideration of the proposition for which respondent contends, that "A presumption of dedication arises from permissive user where private rights and public accommodation would be materially affected by an interruption of the use." The principal case on which respondent relies is that of *City of Cincinnati v. Lessee of White*, 6 Pet. (U. S.) 431, 8 L. ed. 452. In that case the supreme court of the United States had under consideration the question of dedication of a public common, and in considering the ques-

tion of use by the public and private property owners and the acquiescence in the use by the owner of the common, the court said:

"This was for the public use, and the convenience and the accommodation of the inhabitants of Cincinnati; and doubtless greatly enhanced the value of the private property adjoining this common, and thereby compensated the owners for the land thus thrown out as public ground. And after being thus set apart for public use, and enjoyed as such, and private and individual rights acquired with reference to it, the law considers it in the nature of an estoppel *in pais,* which precludes the original owner from revoking such dedication. · It is a violation of good faith to the public, and to those who have acquired private property with a view to the enjoyment of the use thus publicly granted."

In the case of *Schettler v. Lynch,* 23 Utah, 305, 64 Pac. 955, the supreme court of Utah was considering an implied dedication and a dedication by user. In speaking of the principle of implied dedication, the court said:

"An implied dedication is founded on the doctrine of equitable estoppel, and when land has been thus set apart as a highway for the use, convenience and accommodation of the public, and enjoyed as such, the law considers it in the nature of an estoppel *in pais,* which precludes the original owner from revoking such dedication."

The Utah court, in discussing the point as to when and under what circumstances the evidence will justify the application of the rule, said:

"Where the evidence shows such a course of conduct and such acts respecting the land in controversy as clearly manifest an intention on the part of the owner to appropriate it to the public use as a highway, and such as were calculated to induce people to believe that the land was devoted to such purpose, and lull them into security as to any rights they might acquire with reference thereto, the law will imply dedication."

From these authorities as well as the numerous others that have been cited by respondent, it will be seen at once that

where the principle has been applied by the courts to the effect that a dedication will be presumed where to disturb the right would impair private rights and disturb the public convenience, the courts have, in substance, rested the doctrine upon the principle of estoppel *in pais.* In other words, the courts have held that where an individual has stood by and allowed the public to use his property as though it had been dedicated to the public use and has allowed private rights to grow up under that assumption, and in·view of such belief and opinion, and a disturbance of those rights would amount to an injustice, an inequity or a fraud, the owner will thereafter be estopped to set up the true state of facts or assert his own title to the prejudice of the public or the private rights thus accrued.

An examination of all these authorities will at once disclose that they rest upon the basic principle of estoppel *in pais.* It would, therefore, be unjust to apply the principle of estoppel against the property owner unless it can be shown that he has stood by and by his action or silence concurred and assented in allowing the public and individuals to use and enjoy the property,· and the right thus acquired, in such a manner that to thereafter deprive them of it would work an injustice or fraud upon them and the right founded on the supposition he has thus allowed or invited them to acquire.

In *DeMartini v. San Francisco,* 107 Cal. 402, 40 Pac. 496, cited by respondent, the supreme court of California, in considering the question of dedication by user, said that it would only be considered as a dedication in cases where it clearly appeared that such user was with the knowledge and consent of the owner or without his objection, and under such circumstances as to fairly give rise to the presumption that the owner intended to dedicate to such use.

Again, in reference to the findings to the effect that unless this use be held to amount to a dedication, private rights and public accommodation would be materially affected, and that an interruption or cessation thereof would materially affect both the public and private interests, we are satisfied that this proposition is a conclusion of law rather than a finding

of fact.  It is the duty of the court to hear the evidence from which such a conclusion is to be reached, and to find the facts upon which that conclusion must necessarily rest as a proposition of law.  We have no inclination to deny the soundness of such a legal proposition.  It is clearly entitled to application in this state where the facts of the case will justify invoking that principle.  The trouble with this case, as we have viewed it from the time we arrived at our conclusion on the original hearing, is that the findings of the court were not sufficient upon which to rest the conclusions of law and the judgment that the court has announced in the case.  We are not familiar with the facts in this case upon which the findings and conclusions rest, as the evidence is not before us. Those are questions to be presented and considered on a retrial of the case, and it is for that reason that we have remanded the case for further hearing.

We do not find anything contained in the petition that we had not previously examined and considered, although we may not have discussed some of the particular questions argued by counsel at such length as we might have done.  We did not do so, thinking it best to leave those questions to be determined in connection with the evidence.  We think, however, the foregoing observations sufficient to make clear the position of this court with reference to the legal propositions involved.

The petition is denied.

Stewart, J., concurs.